924 F.2d 1061
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor M. MATEO, Defendant-Appellant.
 No. 90-2393.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 7, 1990.
Decided Feb. 7, 1991.
Rehearing Denied March 20, 1991.
 
 1
 Before POSNER and RIPPLE, Circuit Judges, and GRANT, Senior District Judge*.
 
 ORDER
 
 2
 On February 5, 1990, a jury convicted defendant-appellant Victor M. Mateo of possession of cocaine while an inmate of a federal penitentiary, in violation of 18 U.S.C. Sec. 1791(a)(2).[1] The district court sentenced him to 35 months of imprisonment and three years of supervised release. Mateo appeals his conviction on three grounds: violation of the Speedy Trial Act, abuse of the court's discretion in admitting certain testimony, and insufficiency of the evidence to support the verdict.
 
 I.
 
 3
 Mateo first contends that the district court erred in refusing to dismiss the indictment pursuant to the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq. According to his calculations, dismissal was required because of the government's excessive delay (1) between his request for a speedy trial (October 25, 1989) and his initial appearance before a judicial officer (January 5, 1990), and (2) between his transfer to the Southern District of Indiana (November 16, 1989) and his initial appearance there (January 5, 1990). Our review of the district court's interpretation of the Act is de novo. United States v. Dawn, 900 F.2d 1132, 1135 (7th Cir.), cert. denied, 111 S.Ct. 368 (1990).
 
 
 4
 Pursuant to 18 U.S.C. Sec. 3161(j)(1), if the person charged is already in prison, the government attorney shall promptly obtain his presence for trial or file a detainer with the prisoner's custodian so that he can be made available for trial in another district. After a detainer is filed against a prisoner and the prisoner demands a speedy trial, under Sec. 3161(j)(3) the government must promptly transfer the prisoner to the trial venue. A violation of Sec. 3161(j) may subject the government's attorney to fines, suspension or the filing of a report with the disciplinary committee. 18 U.S.C. Sec. 3162(b)(4). However, the sanction of dismissal of the indictment sought by this appellant is not available. Because Mateo is not entitled to the remedy of dismissal, it is unnecessary for the court to decide whether the government complied with the requirements of Sec. 3161(j). Id.
 
 
 5
 Appellant Mateo also argues that the excessive delay between the offense and the indictment (19 months) violates the Act and requires dismissal of the indictment. Section 3161(b) of the statute provides that the indictment must be filed within thirty days of the defendant's arrest or summons; however, in this case Mateo, already a prisoner, was neither arrested nor summoned. The statutory speedy trial rights of incarcerated defendants like Mateo, provided in Sec. 3161(j) rather than (b), require the government's prompt action in obtaining the prisoner's presence for trial, but do not set specific time limits. It is clear from the legislative history of the Act that the Speedy trial clock for an incarcerated defendant begins to run when the prisoner's presence is obtained for trial. H.R.Rep. No. 1508, 93d Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Ad.News 7401, 7416, 7429. See United States v. Stoner, 799 F.2d 1253, 1258 (9th Cir.), cert. denied, 479 U.S. 1021 (1986). Thus the district court correctly interpreted the Speedy Trial Act by calculating the interval from November 16, 1989, when Mateo was brought to Indiana for trial, and February 5, 1990, the date of trial. Of those 81 days, 34 were properly excludable for the defense attorney's briefing of pretrial motions and the court's consideration of those motions. 18 U.S.C. Sec. 3161(h)(1). No objection has been raised to these excluded periods. Because the 47 days actually counted toward the Speedy Trial calculations are less than the 70-day limitation, we find no violation of the Act.
 
 
 6
 Mateo's final speedy trial contention is that the excessive pre-indictment and pre-trial delay prejudiced him, for he was thereby prevented from obtaining witnesses and evidence for his defense. This argument is properly a fifth amendment due process challenge rather than a sixth amendment speedy trial claim. United States v. Zukowski, 851 F.2d 174, 178 (7th Cir.), cert. denied, 488 U.S. 868 (1988). Even if we were to construe defendant's charge thus, it would not be successful, for he was unable to demonstrate actual and substantial prejudice from the delay. Id., citing United States v. Valona, 834 F.2d 1334, 1337 (7th Cir.1987). A defendant's allegations of prejudice "must be specific, concrete and supported by the evidence--vague, speculative or conclusory allegations will not suffice." United States v. Fuesting, 845 F.2d 664, 669 (7th Cir.1988). Mateo offered nothing concrete about the witnesses and evidence he allegedly could not obtain. Conclusory allegations do not meet the burden of proving actual and substantial prejudice that the defendant must achieve. See Zukowski, 851 F.2d at 179. Without that initial proof by the defendant, the court need not weigh the defendant's actual prejudice against the government's reasons for the delay. See United States v. Doerr, 886 F.2d 944, 964-65 (7th Cir.1989).
 
 
 7
 Mateo has failed to seek the proper remedy for violation of section 3161(j) and has failed to carry the burden of his speedy trial rights claim. Therefore we hold that the district court did not err in denying defendant's motion to dismiss the indictment.
 
 II.
 
 8
 Mateo next alleges that the district court abused its discretion by admitting into evidence a statement made by the defendant to a prison investigative official, evidence not provided to defense counsel during discovery. Mateo asserts that the government's failure to notify defendant's attorney of this testimony before the eve of trial was a violation of the Brady v. Maryland requirement that the government turn over to the defendant any exculpatory material in its possession, as well as the court's pre-trial discovery order and Rule 16 of the Federal Rules of Criminal Procedure. He further argues that the court's failure to suppress the evidence without weighing its prejudicial effect on the defendant was an abuse of its discretion.
 
 
 9
 Brady mandates that the government disclose exculpatory evidence to the defendant. 373 U.S. 83 (1965). The government's attorney stated that he did not know of the statement by Mateo until the evening before the trial, and that he provided this evidence to defense counsel immediately afterward. Judge McKinney believed the prosecutor. The trial judge's choice of whom to believe is conclusive on appeal unless the judge credits exceedingly improbable testimony. United States v. Cardona-Rivera, 904 F.2d 1149, 1152 (7th Cir.1990). Mateo's challenge is essentially a matter of credibility; we will uphold the court's determination on this matter. Moreover, the immediate disclosure of Mateo's inculpatory statement to the prison official, despite its revelation on the eve of trial, can in no way be considered a Brady violation.
 
 
 10
 In considering the admissibility of the defendant's statement through the testimony of a government witness, the district judge heard argument by both counsel. It is clear, through the questions the judge addressed to counsel, that he examined the possible breach of the discovery order and of Criminal Rule 16 and satisfied himself that the government timely produced the evidence for defense counsel. Trial transcript at 11-17. The judge also considered the appropriateness of a delay, the form of the statement at issue, and the relevance and the possible prejudicial effect of that testimony on the defendant. He admitted the oral testimony of the government witness concerning Mateo's admission only after granting defense counsel time for a pre-trial interview. Clearly the defendant had notice of his own statements (the utterance of which he has not denied herein); therefore there is no surprise concerning the existence of the statement. We find that, even though the district court's decision to admit the evidence caused the defendant "to shift gears" as trial began, it cannot be said that the ruling was an abuse of discretion. See United States v. Sanders, 893 F.2d 133, 137-38 (7th Cir.1990).
 
 
 11
 Furthermore, the court took steps to cure the possible prejudice from the admissibility determination. It gave defense counsel the opportunity to interview that witness before he appeared on the stand, and to cross-examine him extensively. It instructed the jury that they should determine for themselves, first, whether the defendant made the statement received in evidence, and if so, what weight, if any, to attach to the statement by considering "all matters in evidence having to do with the statement." Trial transcript at 151-52.
 
 
 12
 A defendant carries a heavy burden on appeal, for a district court's ruling concerning the admission or exclusion of evidence "will be reversed only if a trial court committed 'a clear abuse of discretion.' " United States v. Mazzanti, 888 F.2d 1165, 1169 (7th Cir.1989), cert. denied sub nom. Born v. United States, 110 S.Ct. 2167 (1990), citing Jones v. Hamelman, 869 F.2d 1023, 1027 (7th Cir.1989) (emphasis in Jones). We find no abuse of discretion by the district court concerning the admissibility of the challenged testimony.
 
 III.
 
 13
 To obtain a conviction under 18 U.S.C. Sec. 1791(a)(2), the government was required to present evidence proving that Mateo was an inmate when he knowingly possessed contraband. Mateo challenges the sufficiency of the evidence against him. He asserts that there was no clear evidence that Mateo actually possessed cocaine, and no evidence of his knowing possession.
 
 
 14
 When offering evidence of the defendant's possession of drugs, one officer testified that Mateo removed the contraband from his left pocket; the other claimed it was taken from the right pocket. They also differed about whether the packets were yellowish, beige, or yellowish-white. Regardless of these trivial differences in the officers' color distinctions or left-right perception, their testimony was indisputably uniform that Mateo possessed packets containing cocaine and marijuana, and the jury found that, beyond a reasonable doubt, the inmate Mateo possessed contraband while in prison.
 
 
 15
 There was also extensive evidence of Mateo's knowing possession. His own actions (watching the video camera in the visiting room, keeping objects out of view of the camera, concealing the packets surreptitiously, and finally handing them over) and his statements of admission to the prison interviewer were sufficient evidence to allow the jury to find that he knowingly possessed the drugs.
 
 
 16
 When challenging the sufficiency of the evidence presented at trial, an appellant bears a heavy burden. United States v. McNeese, 901 F.2d 585, 600 (7th Cir.1990), citing United States v. Edun, 890 F.2d 983, 986 (7th Cir.1989). The appellate court reviews all the evidence, drawing reasonable inference in the light most favorable to the government, and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id., quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). Our review under this standard leads us to the inevitable conclusion that the evidence presented was sufficient for the jury to find guilt beyond a reasonable doubt.
 
 
 17
 For the reasons herein presented we AFFIRM the conviction of Victor M. Mateo for violation of 18 U.S.C. Sec. 1791(a)(2).
 
 
 
 *
 Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 The defendant was acquitted of the charge of possession with intent to distribute cocaine